UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
B FIVE STUDIO LLP,

                              Civil Action No. 1:18-cv-1480

                    Plaintiff,

     -against-                         **COMPLAINT**

GREAT AMERICAN INSURANCE COMPANY,

                    Defendant.
----------------------------------X

     Plaintiff B Five Studio LLP ("B Five"), by and through its
undersigned counsel, for its Complaint against Great American
Insurance Company ("Great American"), alleges as follows:

                            **PARTIES**

     1.    B Five is a limited liability partnership organized and
existing under the laws of the State of New York, with its
principal place of business at 360 Furman, #540, Brooklyn, New
York 11201.

     2.    Upon information and belief, Great American is a stock
insurance company organized and existing under the laws of the
State of Ohio, with its principal place of business at 301 East
4th Street, Cincinnati, Ohio 45202.

                  **JURISDICTION AND VENUE**

     3.    This Court has subject matter jurisdiction over this
matter pursuant to 28 U.S.C. §§ 1332 and 1338(b) based upon
complete diversity of citizenship of the parties, and the amount

in controversy exceeds $75,000.00, exclusive of interest and costs.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) because the defendant is subject to personal jurisdiction in this District.

## THE POLICY

5.    This is an insurance coverage dispute involving whether Great American is obligated to provide coverage to B Five in connection with an underlying action arising out of a condominium conversion for property located at 2101 Kimball Street in Philadelphia, Pennsylvania.

6.    Great American issued Policy No. DPP4203362 (5/11/16 – 5/11/17) (the "Policy") to B Five providing Design Professionals Liability Insurance coverage in accordance with the terms and conditions of the Policy for claims made during the policy period from May 11, 2016 to May 11, 2017 with a limit of liability of $2,000,000 for each claim and $2,000,000 in the aggregate, with a loss only deductible of $20,000 for each claim and $60,000 in the aggregate.

## FACTS

7.    B Five provided design services in connection with the aforementioned condominium conversion.  In or about August 2016, B Five learned for the first time that it would be named as a

defendant in a lawsuit alleging defective design and construction involving the aforementioned condominium conversion.

8.   On or about August 18, 2016, B Five reported this claim to Great American.

9.   By letter dated August 24, 2016, Great American denied coverage for this claim.

10.   In or about September 2017, a writ of summons naming B Five was issued.  Upon being advised of the writ, on or about September 12, 2017, Great American advised B Five that it saw no reason to change its coverage position.

11.   On or about January 8, 2018, 2101 Kimball Street Condominium Association and others commenced an action against a number of defendants, including B Five, alleging defective design and construction involving the condominium conversion (the "underlying action").

12.   B Five received the Complaint in the underlying action on January 15, 2018 and promptly reported it to Great American. By letter dated January 16, 2018, Great American, by its coverage counsel, adhered to its prior denial of coverage.

13.   As a result of Great American's denial of coverage, B Five has been required to retain counsel to defend it in the underlying action at its own expense.

3

**FIRST COUNT**
**(Breach of Insurance Coverage)**

14.   B Five repeats and realleges each and every allegation contained in paragraphs 1 though 13 hereof as if the same were set forth herein.

15.   An actual and justiciable controversy exists between B Five and Great American concerning whether Great American should be defending the claims asserted against B Five in the underlying action pursuant to the Policy.

16.   B Five contends that the claims asserted against it in the underlying action are covered by the Policy.

17.   Great American contends that there is no coverage available to B Five in the underlying action pursuant to the Policy for a number of reasons, all of which B Five believe lack merit.

18.   By refusing to accept the defense of B Five in the underlying action, Great American has breached its insuring obligations under the Policy.

19.   B Five is entitled to a declaration that Great American is obligated to defend B Five in the underlying action under the Policy and to reimburse B Five for any costs of defense incurred by B Five.

## SECOND COUNT
### (Breach of Implied Covenant
### of Good Faith and Fair Dealing)

20.  B Five repeats and realleges each and every allegation contained in paragraphs 1 through 19 hereof as if the same were set forth herein.

21.  Implicit in the Policy is a covenant of good faith and fair dealing which requires Great American to provide a defense to B Five in the underlying action.

22.  Great American breached the covenant of good faith and fair dealing implicit in the Policy by failing and refusing, without justification, to provide a defense to B Five in the underlying action.

23.  B Five is entitled to a declaration that Great American is obligated to defend B Five in the underlying action under the Policy and to reimburse B Five for any costs of defense incurred by B Five.

WHEREFORE, B Five demands judgment declaring that Great American is obligated to defend B Five in the underlying action under the Policy and to reimburse B Five for any costs of defense incurred by B Five, and awarding interest, costs, attorneys' fees and such other and further relief as to the Court may seem just and proper.

Dated:      White Plains, New York
            March 9, 2018

                        STEINBERG & CAVALIERE, LLP

                        By: _____
                             Steven A. Coploff

                        Attorneys for Plaintiff
                        50 Main Street, 9th Floor
                        White Plains, New York 10606
                        (914) 761-4200
                        steincav@aol.com

S&C#00234389

6